UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CLIVE FRASER,                                                    **AMENDED**
                                                                **COMPLAINT**
                         Plaintiff,

                      -against-                                      13 CV 0368
                                                                (ARR) (RML)

                                       <u>Jury Trial Demanded</u>

CITY OF NEW YORK, BRENDAN EGAN, Individually,
WILLIAM RALDIREZ, Individually, KENNY VALLADARES,
Individually, MARYNLIL MELENDEZ, Individually, and
IRENE PEART, Individually,

                         Defendants.

--------------------------------------------------------------------------------X

       Plaintiff CLIVE FRASER, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully allege as follows:

## Preliminary Statement

       1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

       2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth

and Fourteenth Amendments to the United States Constitution, and the Constitution of the State

of New York.

       3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

       4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff CLIVE FRASER is a fifty-eight year old African American man who resides in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, BRENDAN EGAN, WILLIAM RALDIREZ, KENNY VALLADARES, MARYNLIL MELENDEZ, and IRENE PEART were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On January 22, 2010, at approximately 4:30 p.m., plaintiff CLIVE FRASER was parking his vehicle in the vicinity of 333 Lefferts Avenue, Brooklyn, New York, when defendant officers including but not limited to BRENDAN EGAN, WILLIAM RALDIREZ, and KENNY VALLADARES approached plaintiff, and without justification or cause ordered him to exit his vehicle.

13.     A defendant officer, believed to be defendant EGAN, assaulted and battered plaintiff by pushing him against a vehicle, kicking his legs apart, and frisking him.

14.     Defendant EGAN then forcefully turned plaintiff around, pushed him against the vehicle again, and further frisked him.

15.     After frisking Mr. Fraser, EGAN grabbed plaintiff by his shirt and dragged him to the back of plaintiff's vehicle.

16.     While plaintiff was at the back of his vehicle, defendant officers, believed to be RALDIREZ and EGAN, unlawfully searched plaintiff's vehicle.

17.     Defendant VALLADARES stood by and watched and did nothing to intervene to stop the above-described unlawful search of plaintiff and his vehicle, notwithstanding that said search was improper and he had a reasonable opportunity to intervene.

18.     Thereafter, defendant VALLADARES issued plaintiff a parking ticket and the officers left the location.

19.     Justifiably upset by the defendant officers' maltreatment of him, plaintiff immediately drove to the NYPD's 71st Precinct stationhouse.

20.     While at the precinct, plaintiff attempted to obtain the names and badge numbers

3

of the three defendant officers who had participated in unlawfully and forcefully searching him and his vehicle.

21.    Plaintiff approached a female officer at the precinct, believed to be defendant PEART, and showed her the parking ticket, explaining to her that he wanted to find out the names of the officers who were involved in issuing it.

22.    Plaintiff neither raised his voice while he was speaking with defendant PEART, nor did he otherwise engage in any disruptive behavior.

23.    As plaintiff explained his purpose for being at the precinct to defendant PEART, defendant EGAN arrived at the precinct, overheard plaintiff, and responded by swearing at plaintiff, and then stating in sum and substance, I'm going to give you a problem, you're under arrest for disorderly conduct.

24.    Defendant EGAN, in the presence of other officers, placed over tight handcuffs on plaintiff's wrists, and imprisoned plaintiff in a cell.

25.    Defendant PEART observed defendant EGAN falsely arrest plaintiff for disorderly conduct, yet did nothing to intervene in this arrest, notwithstanding that she was present and speaking with plaintiff, and thus knew that plaintiff had not been acting disorderly.

26.    Defendant EGAN ignored plaintiff's complaints that the handcuffs were too tight and plaintiff's requests that the handcuffs be loosened, stating in sum and substance, I don't fucking care.

27.    A short time, later EGAN removed plaintiff's handcuffs, and again cursed at plaintiff.

28.    At approximately 8:00 p.m., the defendant officers released plaintiff after issuing him a second parking ticket, ticket number 0AC3123396, which charged plaintiff with disorderly

conduct, and required his appearance in court.

29.    Defendant MELENDEZ, who holds the rank of sergeant, was present when the baseless ticket was issued to plaintiff, and upon information and belief conferred with EGAN, RALDIREZ, and VALLADARES regarding plaintiff's arrest.

30.    Further, defendant MELENDEZ and PEART refused to provide plaintiff with defendant EGAN's name when plaintiff requested it.

31.    The defendants initiated said prosecution with malice and for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to chill plaintiff's speech and inhibit his right to investigate and complain about the officers' unlawful conduct.

32.    At plaintiff's appearance, ticket number 0AC3123396 was dismissed and sealed.

33.    Defendants RALDIREZ and MELENDEZ, who hold the rank of sergeant, supervised defendants EGAN, VALLADARES, and PEART.

34.    Defendant RALDIREZ was present when plaintiff was unlawfully searched and when he was unlawfully arrested, and participated, oversaw, and presided over and otherwise conspired in the unlawful search and arrest of plaintiff.

35.    Defendant MELENDEZ was present when plaintiff was unlawfully issued process and participated in and otherwise conspired in covering up the unlawful acts perpetrated against plaintiff by her subordinate officers.

36.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

5

37.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the basis for searching individuals and vehicles during car stops; the use of physical force; the requirements for arrests; that they engage in falsification; and that said defendants otherwise engage in a practice of retaliation against individuals who exercise their right to free speech.

38.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

39.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

40.     As a result of the foregoing, plaintiff CLIVE FRASER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

6

42. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

43. All of the aforementioned acts deprived plaintiff CLIVE FRASER, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Fourth Amendment Claim of Unreasonable Search and Seizure under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraph numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    Defendants unreasonably searched plaintiff CLIVE FRASER by unlawfully frisking him and unlawfully searching his vehicle.

50.    Defendants caused CLIVE FRASER to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

51.    As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

52.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff CLIVE FRASER'S constitutional rights.

54.    As a result of the aforementioned conduct of defendants, plaintiff CLIVE FRASER was subjected to excessive force and was injured.

55.    As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

56.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

8

paragraph numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants arrested plaintiff CLIVE FRASER, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

58.     Defendants caused plaintiff CLIVE FRASER, to be falsely arrested and unlawfully imprisoned.

59.     As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
<u>(First Amendment Claim under 42 U.S.C. § 1983)</u>

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The defendants arrested plaintiff in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

62.     As a result of the aforementioned conduct of defendants, plaintiff CLIVE FRASER was subjected to retaliation for the exercise of his First Amendment rights.

63.     As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

9

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants maliciously issued criminal process against plaintiff by causing him to appear in Court.

66.     Defendants caused plaintiff CLIVE FRASER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to chill plaintiff's speech and inhibit his right to investigate and complain about the officers' unlawful conduct.

67.     As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants had an affirmative duty to intervene on behalf of plaintiff CLIVE FRASER, whose constitutional rights were being violated in their presence by other officers.

70.     The defendants failed to intervene to prevent the unlawful conduct described herein.

71.     As a result of the foregoing, plaintiff CLIVE FRASER was unlawfully searched, subjected to false arrest, his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical

restraints, and detained and prosecuted without probable cause.

72.     As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     The defendants unlawfully searched, falsely arrested, and maliciously prosecuted, plaintiff CLIVE FRASER because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

75.     As a result of the foregoing, plaintiff CLIVE FRASER was deprived of his rights under the Equal Protection Clause of the United States Constitution.

76.     As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     The supervisory defendants personally caused plaintiff's constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

79.     As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

80.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

82.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, engaging in falsification; unlawfully searching individuals and their vehicles; and arresting citizens without probable cause in retaliation for their exercise of their right to free speech and/or because of their race or national origin; and of failing to facilitate and otherwise cooperate and investigate civilian complaints.

83.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff CLIVE FRASER'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and

supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

84.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CLIVE FRASER.

85.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CLIVE FRASER, as alleged herein.

86.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CLIVE FRASER, as alleged herein.

87.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CLIVE FRASER was unlawfully seized, detained, incarcerated, searched, and prosecuted.

88.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CLIVE FRASER'S constitutional rights.

89.     All of the foregoing acts by defendants deprived plaintiff CLIVE FRASER of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from seizure and arrest not based upon probable cause;

        C.     To be free from malicious abuse of process and/or malicious prosecution;

        D.     To be free from false imprisonment/arrest;

  E.  To receive equal protection under law;

  F.  To be free from the failure to intervene; and

  G.  To be free from retaliation for exercise of their First Amendment rights.

90.  As a result of the foregoing, plaintiff CLIVE FRASER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CLIVE FRASER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
   September 27, 2013

        LEVENTHAL & KLEIN, LLP
        Attorneys for Plaintiff CLIVE FRASER
        45 Main Street, Suite 230
        Brooklyn, New York 11201
        (718) 722-4100

        By: _____
          BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CLIVE FRASER,

                              Plaintiff,

                                                         13 CV 0368
        -against-                                        (ARR) (RML)

CITY OF NEW YORK, BRENDAN EGAN, Individually,
WILLIAM RALDIREZ, Individually, KENNY VALLADARES,
Individually, MARYNLIL MELENDEZ, Individually, and
IRENE PEART, Individually,

                              Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100